# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BUCHANAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-05247 |
| | ) | |
| COMMONWEALTH EDISON, an | ) | Honorable Matthew F. Kennelly |
| Exelon Company, | ) | Magistrate Jeffrey Cole |
| | ) | |
| Defendant. | ) | |

**COMMONWEALTH EDISON COMPANY'S REPLY IN SUPPORT OF ITS
<u>MOTION FOR SUMMARY JUDGMENT</u>**

1

## I.     INTRODUCTION

In its Memorandum of Law in Support of Its Motion for Summary Judgment (Dkt. 32) ("Memorandum" or "Memo"), Defendant Commonwealth Edison Company ("ComEd") established that there are no genuine disputes of material fact in this case, and that it is entitled to judgment as a matter of law on each of Plaintiff's claims. Nothing in Plaintiff's Response in Opposition to Defendant's Memorandum of Law in Support of Its Motion for Summary Judgment (Dkt. 37) ("Opposition" or "Opp.") suggests otherwise.

As discussed in greater detail below, Plaintiff's Opposition fails to show that there is any genuine issue of material fact in this case, nor does it undermine ComEd's entitlement to judgment as a matter of law. Instead, whether evaluated holistically or under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), there is no evidence from which a reasonable factfinder could conclude that Plaintiff's race or color had anything to do with Jim Conway's decision to deny Plaintiff promotion to Supervisor. Instead, the undisputed evidence, viewed holistically, shows that Plaintiff was denied promotion because of ComEd's generally-applicable "year-in-role" policy. Further, Plaintiff cannot establish a *prima facie* case of discrimination under *McDonnell Douglas* because he cannot identify any similarly-situated employees outside his protected classes who were treated more favorably. Even if he could, he cannot show that ComEd's proffered legitimate non-discriminatory reason for Plaintiff's non-promotion—i.e., the year-in-role requirement—was a mere pretext for unlawful discrimination.

Even if ComEd were not entitled to summary judgment on the merits of Plaintiff's claims, as set forth in its Memorandum, Plaintiff's damages should still be cut-off as of July 2022 because of Plaintiff's undisputed failure to mitigate his damages. Plaintiff has not even attempted to respond to this argument, and accordingly ComEd is entitled to summary judgment on that issue.

## II. ARGUMENT

### A. A Holistic Assessment of the Evidence Provides No Support for Plaintiff's Claims of Discrimination on the Basis of Race or Color

In its Memorandum, ComEd demonstrated that a holistic assessment of the evidence[1] establishes that there is no support whatsoever for Plaintiff's claim that his race and/or color caused Conway's decision that Plaintiff was not eligible for promotion. (Memo at 7-9). Instead, the evidence shows that Jim Conway, ComEd's then-Vice President of Smart Meter Operations ("SMO"), declined to promote Plaintiff to Senior Supervisor, Customer Field Operations (the "Supervisor" position) because of ComEd's longstanding policy[2] that employees are generally not eligible for promotions or lateral transfers unless and until they have been in their prior positions for at least one full year. (Memo at 2-3, 7-9).

In response, Plaintiff offers a disjointed series of factually unsupported assertions none of which, whether taken individually or together, undermines ComEd's account. First, Plaintiff

---

[1] Plaintiff's Opposition purports to establish a "convincing mosaic" of evidence "pointing to discriminatory intent." Opp. at 5-6; *see also* Opp. at 4 ("A plaintiff can also show a 'convincing mosaic' of circumstantial evidence that 'allows a jury to infer intentional discrimination by the decision-maker.'"). In *Ortiz v. Werner Enters, Inc.*, however, the Seventh Circuit held that "'convincing mosaic' is not a legal test." 834 F.3d 760, 765 (7th Cir. 2016). Instead, the Court must place all the evidence "in a single pile" and evaluate it "as a whole" to determine whether a reasonable factfinder could conclude that Plaintiff's race and/or color caused Conway to decide that Plaintiff was not eligible for promotion. *See Ortiz*, 834 F.3d at 765-66. Nevertheless, Plaintiff's discussion generally appears to correspond to the holistic analysis of the evidence called for by *Ortiz* and ComEd addresses Plaintiff's "convincing mosaic" discussion accordingly herein.

[2] In a footnote, Plaintiff asserts that the year-in-role policy was not in effect at the time Plaintiff applied for the Supervisor role in December 2021. (Opp. at 7 n.2). Plaintiff ignores the undisputed evidence that this policy has been in place since at least 2011. *See* Commonwealth Edison Company's Local Rule 56.1(a) Statement of Undisputed Material Facts (Dkt. 33) ("SOF") ¶ 22; Dkt. 33-2 at ¶ 9; Dkt. 33-6 ¶ 9). In his Response to Defendant's Local Rule 56.1(a) Statement of Undisputed Material Facts (Dkt. 34) ("SOF Response" or "SOF Resp."), Plaintiff states only that he "lacks sufficient information to either admit or deny" this fact. (SOF Resp. ¶ 22). This fails to comply with L.R. 56.1(e)(2) which requires that the response "admit the asserted fact, dispute the asserted fact, or admit in part and dispute in part the asserted fact." L.R. 56.1(e)(2). As a result, Paragraph 22 of ComEd's SOF should be deemed admitted. *See Jupiter Aluminum Corp. v. Home Ins. Co.*, 225 F.3d 868, 871 (7th Cir. 2000) ("An answer that does not deny the allegations in the numbered paragraph with citations to supporting evidence in the record constitutes an admission.") (internal quotation omitted).

claims that Conway enforced the year-in-role policy inconsistently and "overwhelmingly" to the benefit of white employees. (Opp. at 7, 10). Second, Plaintiff claims that the year-in-role policy did not (or should not) actually apply to Plaintiff at all because the policy (supposedly) only bars *applying* for a role and has no further purchase once an application has been submitted. (Opp. at 7-8). Third, Plaintiff claims that, even if the year-in-role policy *did* apply to Plaintiff, ComEd "implicit[ly] waive[d]" the policy in Plaintiff's case. (Opp. at 8-9). None of this, however, is supported by the record.

### 1. Conway Did Not Enforce the Year-In-Role Policy Inconsistently or in a Discriminatory Fashion.

Plaintiff's claim that Conway enforced ComEd's year-in-role policy inconsistently and in a discriminatory fashion appears to rest entirely on Plaintiff's alleged comparators[3]: Brian Tepper ("Tepper") and Bradley Preston ("Preston").[4] (*See* Opp. at 8).

His invocation of Tepper and Preston is, however, misplaced. There is no evidence in the record to suggest that Conway applied ComEd's year-in-role policy inconsistently at all, much less in any discriminatory fashion. To begin with, the policy acknowledges the possibility of exceptions. Conway testified that, over the hundreds of promotions he approved during his approximately 10-year tenure as the Vice President of ComEd's Smart Meter Operations division,

---

[3] Although he does not stress the point, Plaintiff's Opposition points out that, after Conway disqualified Buchanan from promotion, the position was "ultimately offered to Mike Beall, a white male." (Opp. at 6). Plaintiff ignores, however, that, after Buchanan was disqualified, the hiring manager intended to offer the job to Tyrone Davis, another black male. (Memo at 3; SOF ¶ 34). Plaintiff again responds only that he "lacks sufficient information to either admit or deny" these facts (SOF Resp. ¶ 34) and accordingly they should be deemed admitted. *See Jupiter*, 225 F.3d at 871.

[4] Plaintiff previously alleged that another employee, Michael McGuire, was another comparator. (*See* Dkt. 28, ¶ 60). Plaintiff appears to have abandoned that contention, as his Opposition makes no mention of Mr. McGuire.

4

he granted exceptions to the year-in-role policy less than 5% of the time. (SOF ¶¶ 25, 26[5]; Dkt. 33-6 at ¶ 11). He further testified that he made exceptions to the policy only in unique or special circumstances, none of which were present in Plaintiff's case. (SOF ¶¶ 26, 44-46; Dkt. 33-6 at ¶ 11).

Nothing about Tepper's or Preston's promotions is to the contrary. In Tepper's case, an employee's retirement had created an urgent need to hire someone for the Supervisor role quickly. (Memo at 4; SOF ¶¶ 45, 46; Dkt. 33-6 ¶ 13).[6] Tepper had prior supervisory history and technical skills, both of which Conway concluded made Tepper uniquely suited to fill the role at the time. (Memo at 4; SOF ¶45, 46; Dkt. 33-6 ¶ 13). Plaintiff does not even attempt to contest these facts. Instead, Plaintiff tries to discount these obvious differentiating factors by suggesting that other compelling factors were present in his own case. (*See* Opp. at 11-12).

First, Plaintiff points out that he (unlike Tepper) has a Master's degree. (Opp. at 11-12). However, Plaintiff leaves the subject of that degree conspicuously unidentified, and he does not even try to suggest how or why it would make him uniquely qualified for the Supervisor role in the fashion that Tepper's prior supervisory experience and technical background did.

Second, Plaintiff appears to claim that the mere existence of an opening for the Supervisor role in 2021 is equivalent to the urgent need that arose in 2017 when Tepper was promoted. (Opp. at 12). Plaintiff offers no actual *evidence* to suggest that the need in 2021 was "urgent" as it was when Tepper was promoted in 2017. (Memo at 10; *see* also Dkt. 33-6 at ¶ 13 (Conway describing a "substantial need to fill the position")).

---

[5] Plaintiff fails to properly admit or deny Paragraphs 25 or 26 of ComEd's SOF (SOF Resp. ¶¶ 25, 26) and accordingly those paragraphs should be deemed admitted. *See Jupiter*, 225 F.3d at 871.

[6] Plaintiff fails to properly admit or deny Paragraphs 45 or 46 of ComEd's SOF (SOF Resp. ¶¶ 45, 46) and accordingly those paragraphs should be deemed admitted. *See Jupiter*, 225 F.3d at 871.

On both scores, Plaintiff's argument amounts to nothing more than table pounding without *any* factual or legal citation or support. Plaintiff might think that his circumstances were similar to Tepper's, but his thinking it doesn't make it so, and he cites to no facts or law in support of his case. Plaintiff's Opposition thus fails to undermine ComEd's position that there were substantial "differentiating or mitigating circumstances" that distinguish Conway's treatment of Tepper from his treatment of Plaintiff, and so render Tepper an inadequate comparator. (Memo at 10 (citing *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 723 (7th Cir. 2018))).

As for Preston, he had even more prior supervisory experience than Tepper and was ultimately promoted to Manager after he was released from his prior role in ComEd's Transmission and Substations group earlier than Conway had anticipated. (Memo at 11; SOF ¶ 48-51; Dkt. 33-2 ¶ 7[7]). Again, Plaintiff does not bother disputing these facts. Instead, he again merely pounds the table to assert that Preston was similarly situated because "like [Plaintiff], [Preston] did not meet the one-year tenure requirement." (Opp. at 12). Here, Plaintiff appears to simply ignore or wish-away the obvious "differentiating or mitigating circumstances" that distinguish Preston's circumstance from Plaintiff's and so render Preston an inadequate comparator. (Memo at 10-11 (citing *Skiba*, 884 F.3d at 723)).

Having failed to show that either Tepper or Preston is an adequate comparator, Plaintiff thus fails to show that their examples suggest any inconsistency in Conway's enforcement of the year-in-role policy.

Nor do the facts of Tepper and Preston suggest that Conway enforced the year-in-role policy in any discriminatory manner. In *hundreds* of instances over a 10-year period, Conway only permitted exceptions to the year-in-role policy less than five percent of the time. (Memo at

---

[7] Plaintiff fails to properly admit or deny Paragraphs 48 through 51 of ComEd's SOF (SOF Resp. ¶¶ 48-51) and accordingly those paragraphs should be deemed admitted. *See Jupiter*, 225 F.3d at 871.

12; SOF ¶¶ 24-26; Dkt. 33-6 ¶ 11). Relying only on his knowledge of Tepper and Preston—*i.e.*, two isolated examples— Plaintiff suggests, that Conway granted exceptions "overwhelmingly" to the benefit of white employees. (Opp. at 10). That is nothing more than bad math. In any event, even if Tepper and Preston *were* materially similar to Plaintiff, no conclusions about Conway's historical practice of granting or denying exceptions to the year-in-role policy can reasonably be drawn from such a small sample size.

Ultimately, because neither Tepper nor Preston is comparable to Plaintiff, neither can be used to "isolate the critical independent variable[s]" in the case: *i.e.*, Plaintiff's race and/or color. *Skiba*, 884 F.3d at 723. Neither example, then, even suggests that Plaintiff's race and/or color had anything to do with Conway's decision that Plaintiff was ineligible for promotion to Supervisor under the year-in-role policy.

### 2. The Year-In-Role Policy Did in Fact Apply

Plaintiff next appears to argue that ComEd's year-in-role policy did not, or at least *should not*, have applied to bar him from the promotion at all. (Opp. at 7-8). In Plaintiff's telling, ComEd's year-in-role policy only prohibits an employee from *applying* for a promotion, and has no further purchase if an employee has (for whatever reason) cleared that threshold. (Opp. at 7-8, 13). According to Plaintiff, satisfaction of the year-in-role requirement "is a prerequisite for applying for a position, not for the promotion itself." (Opp. at 13). Thus, Plaintiff appears to contend that once he managed to clear the threshold of "initiat[ing] an application," the year-in-role policy lost any further force. (Opp. at 8-9).

Plaintiff seeks to buttress this interpretation of ComEd's year-in-role policy by suggesting—with no evidence whatsoever—that, if he was truly ineligible for promotion, "his application should have been rejected outright," "[h]is resume should never have been advanced

7

by the recruitment team," and "he never should have been interviewed." (Opp. at 7). Plaintiff appears to suggest that, since he *did* proceed through those stages, the policy cannot have applied to render him ineligible for promotion. (*See* Opp. at 8 (suggesting that Plaintiff's "alleged ineligibility" under the policy cannot have been the reason for his non-promotion since he was "allowed [] to progress through every stage of the hiring process")).

*Plaintiff's* interpretation of the year-in-role policy is, however, irrelevant. What matters is how ComEd understood and interpreted its policy.[8] *See Jones v. Union Pacific R.R. Co.*, 302 F.3d 735, 743-44 (7th Cir. 2002). In *Jones*, as here, the plaintiff argued that the employer's policy, properly understood, did not apply and therefore that the employer's enforcement of that policy demonstrated a discriminatory intent. *Id.* The court rejected this argument, noting that what mattered was how the *employer* understood its policy. *Id.* Conway's unrebutted testimony shows that he understood the policy to mean that non-union employees such as Plaintiff "would generally not be eligible for promotion unless and until they had been employed in their role for at least one full year." (*See* Dkt. 33-6 at ¶ 9). Plaintiff has offered no evidence to suggest that ComEd, whether through Conway or otherwise, ever entertained a different interpretation of the policy, much less that enforcement of the policy in Plaintiff's case was in any way inconsistent with the manner in which either he or ComEd had deployed the policy in other instances. Further, it is absurd to suggest that a policy which prohibits *applying* for a role somehow loses its efficacy if (for whatever reason) an employee's application manages to slip through the cracks.

Likewise, Plaintiff's speculation about what should have happened with his application,

---

[8] For the same reason, Plaintiff's assertion that the applicable yearlong period *should* run from the time he accepted his prior role as a Business Analyst in April 2021, instead of the time when he began *working* in that role in July 2021 (Opp. at 14), is irrelevant. What matters is how Conway understood the policy, not how Plaintiff wishes the policy worked, not how Plaintiff thinks it should have worked or thinks it should be interpreted.

8

what the "recruitment team" should have done, and about whether he should have been interviewed, is wholly irrelevant. Plaintiff appears to suggest, without any supporting evidence whatsoever, that ComEd somehow deviated from its ordinary practices and that this alleged deviation betrays some hidden discriminatory motive. But Plaintiff offers no *evidence* of any such deviation, nor for the implication of any nefarious motive. Instead, Plaintiff offers nothing but unsupported speculation and innuendo, none of which is relevant to, much less sufficient to defeat, ComEd's motion for summary judgment. *See Flowers v. Kia Motors Finance*, 105 F.4th 939, 946 (7th Cir. 2024) ("Speculation cannot create a genuine issue of fact that defeats summary judgment. And speculation is insufficient to defeat a summary judgment motion.") (internal citations omitted); *Anderson v. Street*, 104 F.4th 646, 651 (7th Cir. 2024) ("[G]eneralized and unsupported allegations cannot create a genuine dispute.").

### 3. ComEd Did Not Waive its Right to Enforce the Year-In-Role Policy

Lastly, Plaintiff appears to contend that ComEd "implicit[ly]" waived the year-in-role policy and so lost the ability to enforce it. (Opp. at 9). This, he claims, occurred because he was "treated" as eligible for the role by virtue of his having proceeded through the application process. (*Id.*).

Plaintiff's argument relies on the same unsupported and speculative assertions above regarding how Plaintiff's application purportedly "should" have been handled under the policy. That alone dooms Plaintiff's argument that ComEd's purported deviation from that process was tantamount to a waiver of the year-in-role policy itself. *See Flowers*, 105 F.4th at 946 ("Speculation cannot create a genuine issue of material fact that defeats summary judgment.").

But even if ComEd's treatment of Plaintiff's application *did* (for whatever reason) deviate from the ordinary manner in which it should have been handled by the "recruitment team" or

Weathers (Opp. at 7), Plaintiff still has not offered any evidence that his race and/or color had anything to do with Conway's decision that Plaintiff was ineligible for promotion. *See Barona v. Village of Niles*, --- F. Supp. 3d ---, No. 21-cv-1951, 2024 WL 1013968, at *7 (N.D. Ill. Mar. 8, 2024) (holding that deviations from normal processes could not defeat summary judgment where "they ha[d] nothing to do" with the reasons for the plaintiff's eventual termination). And Plaintiff cites no authority whatsoever for the proposition that, having (supposedly) deviated from its ordinary process, ComEd somehow lost the right to enforce the year-in-role policy.

Ultimately, Plaintiff offers no evidence to suggest that Plaintiff's race or color had anything whatsoever to do with Conway's decision to deny Plaintiff promotion to Supervisor. Instead, when viewed as a whole, the evidence clearly demonstrates that Conway acted consistently with his longstanding practice of enforcing the year-in-role policy, in which exceptions were made only in special or unusual circumstances none of which were present in Plaintiff's case. As a result, no reasonable factfinder could conclude that Plaintiff's race and/or color caused Plaintiff's non-promotion, and so ComEd is entitled to summary judgment. *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016).

### B. Plaintiff Cannot Establish a *Prima Facie* Case of Discrimination Because Neither Tepper nor Preston are Adequate Comparators

Under the *McDonnell Douglas* burden-shifting framework, Plaintiff must establish a *prima facie* case of discrimination by proving, among other things, that other similarly-situated employees outside his protected class(es) were treated more favorably in similar circumstances. *David v. Bd. of Trs. of Cmty. Coll. Dist. No. 508*, 846 F.3d 216, 225 (7th Cir. 2017).[9]

Plaintiff argues that Tepper and Preston are sufficient to satisfy this burden. (Opp. at 11-

---

[9] For purposes of ComEd's Motion for Summary Judgment, the remaining elements of the *prima facie* case are not in dispute.

10

12). However, as set forth in its Memorandum, neither Tepper nor Preston is an adequate comparator because they are not "directly comparable to [P]laintiff in all material respects." (Memo at 9-10 (citing *Patterson v. Ind. Newspapers, Inc.*, 589 F.3d 357, 365-66 (7th Cir. 2009))). Instead, in each case, the circumstances of their promotions reveal obvious "differentiating or mitigating circumstances" that distinguish Conway's treatment of them from his treatment of Plaintiff. *Skiba*, 884 F.3d at 723. Tepper had prior supervisory experience, was a licensed electrician, and was promoted soon after a retirement that created an urgent need to fill the position quickly. (Memo at 10; SOF ¶ 45). Preston had even more extensive supervisory experience, including working under Conway himself, and ended up promoted early only because he was released unexpectedly early from his prior role. (Memo at 11; SOF ¶¶ 48-51).

As discussed above, Plaintiff does not seriously contest any of these facts. With respect to Tepper, Plaintiff offers up only the irrelevant point that he has a Master's degree in some unspecified field, and the unsupported assertion that the mere existence of the job opening in 2021 was equivalent to the "urgent" need to hire somebody quickly that existed in 2017. (Opp. at 11-12). And as to Preston, Plaintiff ultimately resorts to mere table-pounding asserting that the two are relevantly similar because they both did not have the required year-in-role. (Opp. at 12).

Plaintiff cannot so easily wish away the obvious differences between himself and his supposed comparators that more than adequately explain the difference in treatment. Indeed, not only does Plaintiff fail to offer any factual support for his key claims (i.e., that his Master's degree was somehow relevant to the position, or that there was an "urgent" need to fill the role when he applied in 2021), but he also fails to offer even a single citation to any authority to support his view that his imagined parallels with Tepper and Preston are legally meaningful. As ComEd explained in its Memorandum, however, Tepper's and Preston's different qualifications and

11

experience, and the different circumstances of their hirings, render them legally inadequate comparators. (*See* Memo at 10-11 (collecting cases)).

Thus, neither Tepper nor Preston is an adequate comparator which permit any inferences to be drawn suggesting that Plaintiff's race and/or color influenced Conway's decision that Plaintiff was ineligible for promotion. Accordingly, Plaintiff has not—and cannot—establish a *prima facie* case under *McDonnell Douglas*.

### C. Plaintiff Cannot Demonstrate Pretext

Even if Plaintiff could establish a *prima facie* case of discrimination (which he cannot), he would still have to show that ComEd's proffered legitimate non-discriminatory explanation for Plaintiff's non-promotion—the year-in-role policy—was pretextual. *David*, 846 F.3d at 225. This requires Plaintiff to show that Conway's explanation was a "lie" or a "phony reason." *Kinney v. St. Mary's Health, Inc.*, 76 F.4th 635, 646 (7th Cir. 2023) (internal quotation omitted).

In his Opposition, Plaintiff purports to carry this burden by first reiterating his own imagined version of the year-in-role policy under which the tenure requirement "is a prerequisite for applying for a position, not for the promotion itself." (Opp. at 13). As discussed above, that is at the very least not how Conway understood the policy and it is absurd in any event. (*See supra* at 8).

Plaintiff then quibbles with ComEd's—and Conway's—characterization of Plaintiff's transition from Work Planner to Business Analyst as a "promotion" as opposed to as a lateral transfer. (Opp. at 13-14). Plaintiff hyperbolically refers to this as a "significant misrepresentation" that somehow "calls into question Conway's credibility and casts doubt on the veracity of the reasons provided for Buchanan's non-promotion." (Opp. at 14). Plaintiff offers no explanation for this exaggerated conclusion, however, and it is hardly apparent how this relates to Plaintiff's

12

burden to establish pretext.

Next, Plaintiff claims that he *accepted* his prior role as a Business Analyst in April 2021, but was delayed in starting work in that role until July 2021 purportedly due to mismanagement by his prior supervisor, Tolanda Jones. (Memo at 14). Plaintiff claims that "had he been released from his previous role" in April, "he would have met the one-year requirement." (*Id.*). This somehow "undermines the validity of ComEd's argument regarding the enforcement of its policy." (*Id.* at 14-15). Plaintiff again cannot be bothered to explain how this supposedly demonstrates pretext. Moreover, Plaintiff ignores Conway's testimony that he understood the year-in-role policy to refer to the time spent *working* in the role. (Dkt. 33-6 ¶ 9). And even if the one-year clock *did* start running in April 2021 rather than July, Plaintiff's application was submitted only 8 months later in December 2021, and he interviewed only 9 months later in January 2022. (Memo at 3; SOF ¶¶ 28, 34). In either case, Plaintiff was short of the one-year mark.

Lastly, Plaintiff returns to his unsupported and unexplained assertions that Conway made exceptions to the one-year policy to "predominantly benefit[] white employees" and that the existence of the job opening itself was analogous to the "urgent" need that in part led Conway to make an exception for Tepper in 2017. As discussed above, neither argument is well-founded.

The *McDonnell Douglas* burden-shifting framework thus provides no salvation for Plaintiff's claims. He cannot establish a *prima facie* case of discrimination because he has not and cannot identify any similarly situated comparators outside his protected classes who were treated more favorably than he was in similar circumstances. *David*, 846 F.3d at 225. And even if he could make out a *prima facie* case, his claims would still fail because there is no evidence that Conway's explanation for Buchanan's non-promotion—i.e., that Buchanan did not satisfy the year-in-role requirement—was a "lie" or a "phony reason." *Kinney*, 76 F.4th at 646.

13

### D. Plaintiff's Damages Should Be Cut-Off as of July 2022

In its Memorandum, ComEd established that, even if Plaintiff could succeed on the merits of his claims, his recoverable damages should be cut-off as of July 2022 when he undeniably failed to re-apply for the Supervisor role when it was re-posted. (Memo at 13-15). Plaintiff's failure to re-apply constituted a failure to exercise reasonable diligence to mitigate his damages, and there is a reasonable chance that Plaintiff would have obtained the Supervisor position had he re-applied. *See Meyer v. United Air Lines, Inc.*, 950 F. Supp. 874, 877-78 (N.D. Ill. 1997) (limiting plaintiff's damages for failure to mitigate where plaintiff failed diligently to seek comparable employment for "personal reasons").

Plaintiff appears to have conceded the point. His Opposition does not address Plaintiff's failure to mitigate in even cursory fashion and he has therefore waived any argument he might otherwise have on this issue. *See Laborers' Int'l Union of N.A. v. Caruso*, 197 F.3d 1195, 1197 (7th Cir. 1999) (holding that failure to present arguments in response to a summary judgment motion results in waiver); *Toney v. Rosewood Care Ctr., Inc.*, No. 98-C-693, 2001 WL 1105127, at *5 (N.D. Ill. Sept. 20, 2001) (Kennelly, J.) (finding waiver where plaintiff "offered no response" to defendant's argument on summary judgment). ComEd is entitled to summary judgment that Plaintiff failed to mitigate his damages by failing to apply for the Supervisor position when it was re-posted in July 2022, and that Plaintiff's damages should therefore but limited to those attributable to the time period prior to July 2022. *Meyer*, 950 F. Supp. at 877-78.

### III. CONCLUSION

There is no genuine issue of material fact in this case, and ComEd is entitled to summary judgment. As set forth in ComEd's Memorandum, the undisputed facts show that Conway denied Plaintiff promotion to Supervisor pursuant to ComEd's generally-applicable year-in-role policy.

Whether evaluated holistically or under the *McDonnell Douglas* burden-shifting framework, there is no evidence from which a reasonable factfinder could conclude that Plaintiff's race and/or color had any bearing on Conway's decision. Further, Plaintiff's undisputed failure to mitigate his damages means that, even if he could establish liability in the first instance, his recoverable damages must be sharply limited.

Dated: September 30, 2024

                                        */s/ Corwin J. Carr*
                                        BARACK, FERRAZZANO, KIRSCHBAUM & NAGELBERG
Allison N. Powers
Corwin J. Carr
Audrey Springer-Wilson
200 West Madison Street, Suite 3900
Chicago, IL 60606
312-984-3100
allison.powers@bfkn.com
corwin.carr@bfkn.com
audrey.springer-wilson@bfkn.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on September 30, 2024, he caused to be electronically filed the foregoing document with the Clerk of the Court for the Northern District of Illinois by using the CM/ECF system. All participants in the case are registered CM/ECF users who will be served by the CM/ECF system.

*/s/ Corwin J. Carr*