**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER BUCHANAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-05247 |
| | ) | |
| COMMONWEALTH EDISON, an | ) | |
| Exelon Company | ) | Honorable Matthew F. Kennelly |
| | ) | Magistrate Jeffrey Cole |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO
PLAINTIFF'S OPPOSITION TO BILL OF COSTS**

Commonwealth Edison Company ("Defendant" or "ComEd"), by its undersigned attorneys, respectfully submits this Reply to Plaintiff's Opposition to its Bill of Costs, and states as follows:

## I.     INTRODUCTION

Plaintiff objects to the Bill of Costs on the grounds that ComEd did not sufficiently rely on the depositions of Cedric Weathers ("Weathers" and Santos Chaparro ("Chaparro") in its Motion for Summary Judgment (the "MSJ") (Dkts. 31, 32.) This objection finds little support under Seventh Circuit law and should be rejected out of hand. The Weathers and Chaparro transcripts became necessary after Plaintiff compelled the Weathers and Chaparro depositions, and it matters not that ComEd did not extensively cite to their testimony in its MSJ. Nothing in Plaintiff's argument changes the fact that the prevailing party in this matter, ComEd, is allowed to recoup its costs from Plaintiff, the losing party, under Federal Rule of Civil Procedure 54 and Civil Local Rule 54.1. Under these well settled standards, the Bill of Costs should be granted in full.

1

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 54 provides, in pertinent part, that ". . . costs shall be allowed as of course to the prevailing party unless the court otherwise directs."[1] *See Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997); *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991); *Sk Hand Tool Corp. v. Dresser Indus.*, 852 F. 2d 936, 943 (7th Cir. 1988), *cert. denied*, 492 U.S. 918 (1989); *Delta Air Lines, Inc. v. Colbert*, 692 F.2d 489, 490 (7th Cir. 1982). This presumption is difficult to overcome, and the district court's discretion is narrowly confined under Rule 54 (d), such that the district court must award costs unless the court states good reasons for denying them. *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988). No such discretion is warranted in this case.

Although Plaintiff seeks to assert the position that costs are only warranted when depositions are cited meaningfully or are deemed essential to a party acting in good faith, that is not the standard. For the district court to award costs to the prevailing party, the court must determine that the expenses are allowable cost items, and the costs are reasonable, both in the court and necessary to the litigation. *Deimer v. Cincinnati Sub-Zero Prods.*, 58 F.3d 341, 345 (7th Cir. 1995). The losing party's good faith and proper conduct of the litigation is not enough to overcome the presumption of awarding costs to the prevailing party. *Lange v. City of Oconto,* 28 F.4th 825, 846 (7th Cir. 2022). Particularly since Plaintiff compelled the two depositions, he cannot now

---

[1] Section 1920 provides that a judge or clerk of the United States may tax as cost fees of the clerk and Marshall, fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case, fees and disbursements for printing and witnesses, fees for exemplification and copies of papers necessarily obtained for use in the case, docket fees and compensation for court appointed experts, interpreters, salaries, fees, expenses and cost of special interpretation services. 28 U.S.C. § 1920.

argue that the transcripts were unnecessary, regardless of how much or how little ComEd cited to them.

### III.   ARGUMENT

#### A.   ComEd is Entitled to Its Costs Under 28 U.S.C. § 1920.

As the prevailing party, ComEd is entitled to costs taxable under 28 U.S.C. § 1920, in which Congress identified the specific categories of costs that may be taxed to a losing party. Under that statute, this includes the costs of deposition transcripts. A prevailing party may recover for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920. Here, ComEd incurred two thousand eight hundred twenty-four and 70/100 dollars ($2,874.70) in costs for deposition transcripts that it obtained for use in the case after Plaintiff called the witnesses to testify.  As explained below, the entirety of these costs is recoverable.

#### B.   The Deposition Transcripts Were Reasonably Necessary.

The sole objection raised by Plaintiff is that two depositions of ComEd Managers, ordered by Plaintiff himself and defended by ComEd, namely those of Weathers and Chaparro, were not reasonably necessary because Defendant did not extensively cite to them in its MSJ. *See* Pls. Mot. in Opp'n ¶ 2. Even though Weathers and Chaparro were originally on ComEd's *and* Plaintiff's Rule 26(a)(1) Initial Disclosures, it was the Plaintiff, not ComEd, who issued the deposition notices compelling these witnesses to appear and sit for depositions. (*See* Ex. A). But for this action by the Plaintiff, ComEd would have simply obtained declarations to gather the testimony, but Plaintiff mandated these depositions and created the taxable costs that he now baselessly objects to paying.

There is, furthermore, no basis for the contention that the depositions were not reasonably necessary. Unsurprisingly, Plaintiff does not cite to a single authority supporting his position. In the one case the Plaintiff does cite, his selected quotation does not appear anywhere in the case.

Plaintiff appears to misunderstand the holding of the case, and the sentence "costs may be denied when the deposition is not used in a dispositive motion or shown to be necessary to the litigation" is absent from the opinion. *See* Pls. Mot. in Opp'n, ¶ 3; (citing *Kalis v. Colgate-Palmolive Company* 231 F.3d 1049 (7th Cir. 2000)). Indeed, there is not a single piece of authority standing for the proposition that the Plaintiff is reaching to make in his motion. [2]

Deposition transcript costs are routinely awarded in the Seventh Circuit where the "deposition appears reasonably necessary in light of the facts known at the time of the deposition." *Hakim v. Accenture U.S. Pension Plan*, 901 F. Supp. 2d 1045, 1056 (N.D. Ill. 2012). "The proper inquiry is whether the deposition was 'reasonably necessary' to the case at the time it was taken, not whether it was used in a motion or in court." *Merriweather v. Horizon Therapeutics USA Inc.*, No. 23 C 2714, 2025 U.S. Dist. LEXIS 86074, at *5-6 (N.D. Ill. May 6, 2025) citing *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998) (quoting *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995)). More to the point, it is this Court's holding that deposition costs can be awarded even if a party did not use a deposition at all in a summary judgment motion. *Fields v. Gen. Motors Corp.*, 171 F.R.D. 234, 235 (N.D. Ill. 1997). This Circuit has found no merit to assertions that only using the depositions "sparingly in [a] defendant's summary judgment motion" equates to not being necessarily obtained. *Cengr v. Fusibond Piping Sys.*, 135 F.3d 445, 455 (7th Cir. 1998).

---

[2] Plaintiff does not disclose whether he used generative artificial intelligence ("AI") to conduct any part of his legal research, but the nonexistent portion of *Kalis* appears to be similar to what might occur in an instance of an AI hallucination. This court requires counsel and unrepresented parties alike who use AI in connection with the filing of a pleading, motion, or paper in this Court or the serving/delivering of a request, response, or objection to discovery comply with Rule 11(b) and Rule 26(g) of the Federal Rules of Civil Procedure. *See* Hon. Jeffrey Cole Standing Order, N.D. Ill.

Similarly, courts hold that transcripts of depositions of witnesses who are identified on either party's pretrial witness list are necessarily obtained for use in the case, even if the witness does not testify at trial. *Indep. Tube Corp. v. Copperweld Corp.*, 543 F. Supp. 706, 717 (N.D. Ill. 1982). A party even "acted reasonably in taking the depositions of anyone identified" by the other party as a witness. *Id.* Therefore, the costs for a Defendant's deposition transcript are reasonably necessary for trial preparation when the witness was on the Plaintiff's witness list. *Huerta v. Vill. of Carol Stream,* No. 09 C 1492, 2013 U.S. Dist. LEXIS 14470, at *8 (N.D. Ill. Feb. 4, 2013). By appearing on the Plaintiff's witness list, this underscores the belief that the witnesses' testimony was germane to issues underlying the case. *Id.*

For a deposition cost to be allowed, the analysis revolves around "the facts known at the time of the deposition without regard to intervening developments." *Movitz v. First Nat'l Bank*, 982 F. Supp. 571, 575 (N.D. Ill. 1997). Therefore, in the most simplified terms, to later claim the costs, the prevailing party need only show that the deposition is necessary to case preparation.

Here, the depositions of Weathers and Chaparro were plainly necessary and central to Plaintiff's own complaint. Plaintiff, from the outset, deemed Chaparros and Weathers relevant parties, and he included them in his Complaint. (*See* Dkt. 1, ¶ 20). Plaintiff then included Chapparo in his Initial Disclosures, incorporated ComEd's inclusion of Weathers into his Initial Disclosures, and later compelled the depositions of these same individuals. It therefore logically follows that ComEd determined depositions of the named individuals were appropriate and necessary to case preparation. Because Plaintiff found these individuals necessary to pursue his Complaint, it would be inappropriate to penalize the Defendant's similar conclusion as it defended against Plaintiff's meritless claims. As much as the Plaintiff would like it to be the case, Weathers and Chaparro were not simply tangentially relevant to the Complaint. Rather, Chapparo has been Plaintiff's manager

in his then-current role, and Weathers the hiring manager in the position he sought and responsible for interviewing candidates, when Plaintiff applied. Plaintiff's inclusion of these highly relevant witnesses in his Complaint and later decision to depose them, was appropriate.

ComEd has satisfied and exceeded the low burden required by this Court to permit taxable costs because it relied on the testimony of these witnesses in its MSJ. Indeed, ComEd mentions Weathers by name almost two dozen times in its Memorandum of Law in Support of Its MSJ and multiple times in its Statement of Undisputed Material Facts. (Dkts. 32, 33). This deposition was reasonably necessary. Similarly, Chapparo's deposition was necessary to case preparation as Chaparro explained his role in recommending the Plaintiff to Weathers. (Dkt. 33). Even if Plaintiff does not consider them heavily cited, ComEd used key testimony from these individuals, which evidently was helpful, because the Court granted ComEd's motion.

Therefore, each of the transcripts ComEd ordered was reasonably necessary and appropriately used in defending this case.

**C. There Is No Equitable Basis To Deny Costs.**

Although Rule 54(d) gives courts discretion to deny costs where equity demands, this discretion does not lessen the "difficult . . . burden for a losing party to shoulder." *Rao v. Cty. of Cook*, No. 00 C 5838, 2004 U.S. Dist. LEXIS 6855, at *5 (N.D. Ill. Apr. 20, 2004). The reasons to deny allowable costs are limited and typically granted only through "misconduct by the prevailing party or the losing party's inability to pay." *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.,* 854 F.2d 219, 222 (7th Cir. 1988). Courts historically have used this discretion as a "penalty" such as "calling unnecessary witnesses, bringing in unnecessary issues, or otherwise encumbering the record, or by delaying in raising objection fatal to the plaintiff's case." *Popeil Bros. v. Schick Elec., Inc.*, 516 F.2d 772, 775 (7th Cir. 1975) (quoting *Chi.*

6

*Sugar Co. v. Am. Sugar Ref. Co.*, 176 F.2d 1 (7th Cir. 1949). None of those instances occurred in this case and the equitable outcome is to award costs to ComEd.

## IV. CONCLUSION

For the foregoing reasons, ComEd requests that the Clerk tax Plaintiff's costs against Plaintiff.

Dated: May 22, 2025

/s/ *Allison N. Powers*
Allison Powers
Krista Pikus McDonald
**BLANK ROME LLP**
444 West Lake Street, Suite 1650
Chicago, IL 60606
Tel: (312) 776-2600
Fax: (312) 776-2601
allison.powers@blankrome.com
krista.mcdonald@blankrome.com

*Attorneys for*
*Defendant Commonwealth Edison Company*

## CERTIFICATE OF SERVICE

I, Allison N. Powers, an attorney, certify that on May 22, 2025, I caused the foregoing to be filed electronically via the Court's CM/ECF filing system. The Court's CM/ECF electronic filing system will provide notice of this filing to all counsel of record.

_/s/ Allison N. Powers_

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER BUCHANAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23-cv-05247 |
| | ) | |
| v. | ) | Hon. Matthew F. Kennelly |
| | ) | |
| COMMONWEALTH EDISON COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>NOTICE OF DEPOSITION</u>**

TO:    Allison N. Powers
         Corwin J. Carr
         Audrey Springer-Wilson
         BARACK, FERRAZZANO,
         KIRSCHBAUM & NAGELBERG
         200 West Madison Street, Suite 3900
         Chicago, IL 60606
         allison.powers@bfkn.com
         corwin.carr@bfkn.com
         audrey.springer-wilson@bfkn.com

      PLEASE TAKE NOTICE on May 30, 2024 at 9:00 a.m., pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiff shall take the deposition upon oral examination of Cedric Weathers, remotely via Zoom or other video conferencing means. The deposition will be recorded before an officer authorized to administer oaths, and will continue until adjourned.

Dated: May 23, 2024                Respectfully submitted,

                                     CHRISTOPHER BUCHANAN

                                     By:_____/s/ Cozette A. Otubusin
                                         One of His Attorneys

Cozette A. Otubusin, Esq.
Paul O. Otubusin, Esq.
OTUBUSIN & OTUBUSIN
77 W. Washington Street, Suite 1204
Chicago, Illinois 60602
cozette@otubusinlaw.com
drotubusin@otubusinlaw.com
(312) 251-1480
(312) 251-1481 (Fax)

## <u>CERTIFICATE OF SERVICE</u>

       I, Carmen A. Otubusin, a paralegal, certify that I caused a true and correct copy of the foregoing ***Plaintiff's Notice of Deposition*** to be served upon the below named parties, via e-mail on May 23, 2024.

Allison N. Powers
Corwin J. Carr
Audrey Springer-Wilson
BARACK, FERRAZZANO,
KIRSCHBAUM & NAGELBERG
200 West Madison Street
Suite 3900
Chicago, IL 60606
allison.powers@bfkn.com
corwin.carr@bfkn.com
audrey.springer-wilson@bfkn.com

Respectfully submitted,

CHRISTOPHER BUCHANAN


By:_____/s/ Cozette A. Otubusin
           One of His Attorneys

Dated: May 23, 2024

Cozette A. Otubusin, Esq.
Paul O. Otubusin, Esq.
OTUBUSIN & OTUBUSIN
77 West Washington Street
Suite 1204
Chicago, Illinois  60602
cozette@otubusinlaw.com
drotubusin@otubusinlaw.com
(312) 251-1480
(312) 251-1481 (Fax)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER BUCHANAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23-cv-05247 |
| | ) | |
| v. | ) | Hon. Matthew F. Kennelly |
| | ) | |
| COMMONWEALTH EDISON COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>NOTICE OF DEPOSITION</u>

TO:     Allison N. Powers
        Corwin J. Carr
        Audrey Springer-Wilson
        BARACK, FERRAZZANO,
        KIRSCHBAUM & NAGELBERG
        200 West Madison Street, Suite 3900
        Chicago, IL 60606
        allison.powers@bfkn.com
        corwin.carr@bfkn.com
        audrey.springer-wilson@bfkn.com

PLEASE TAKE NOTICE on May 17, 2024 at 12:00 p.m., pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiff shall take the deposition upon oral examination of Santos Chaparro, remotely via Zoom or other video conferencing means. The deposition will be recorded before an officer authorized to administer oaths, and will continue until adjourned.

Dated: May 1, 2024                         Respectfully submitted,

                                           CHRISTOPHER BUCHANAN


                                           By:_____/s/ Cozette A. Otubusin_____
                                                One of His Attorneys

Cozette A. Otubusin, Esq.
Paul O. Otubusin, Esq.
OTUBUSIN & OTUBUSIN
77 W. Washington Street, Suite 1204
Chicago, Illinois 60602
cozette@otubusinlaw.com
drotubusin@otubusinlaw.com
(312) 251-1480
(312) 251-1481 (Fax)

## <u>CERTIFICATE OF SERVICE</u>

      I, Carmen A. Otubusin, a paralegal, certify that I caused a true and correct copy of the foregoing ***Plaintiff's Notice of Deposition*** to be served upon the below named parties, via e-mail on May 1, 2024.

Allison N. Powers

Corwin J. Carr

Audrey Springer-Wilson

BARACK, FERRAZZANO,

KIRSCHBAUM & NAGELBERG

200 West Madison Street

Suite 3900

Chicago, IL 60606

allison.powers@bfkn.com

corwin.carr@bfkn.com

audrey.springer-wilson@bfkn.com

                         Respectfully submitted,

                         CHRISTOPHER BUCHANAN


                         By:_____/s/ Cozette A. Otubusin
                              One of His Attorneys

Dated: May 1, 2024                  Cozette A. Otubusin, Esq.

                         Paul O. Otubusin, Esq.

                         OTUBUSIN & OTUBUSIN

                         77 West Washington Street

                         Suite 1204

                         Chicago, Illinois 60602

                         cozette@otubusinlaw.com

                         drotubusin@otubusinlaw.com

                         (312) 251-1480

                         (312) 251-1481 (Fax)